UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL BRAYAN HERNANDEZ HERNANDEZ (A-246-581-018),<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX,<br>Respondent. | No. 1:26-cv-7468 TLN CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Angel Brayan Hernandez Hernandez (A-246-581-018), a native and citizen of Cuba who is proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On October 2, 2026, petitioner filed a motion to proceed in forma pauperis. (ECF No. 8.) Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for writ of habeas corpus and that petitioner be afforded a bond hearing.

///

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. BACKGROUND

Petitioner is a native and citizen of Cuba. (ECF No. 7-1 at 1.) Petitioner entered the United States on or about July 14, 2024 as a Noncitizen Unaccompanied Child and was paroled into the country by U.S. Customs and Border Protection. (Id. at 2.) On June 5, 2026, petitioner was arrested by the Miami, Florida Police Department and charged with (1) kidnap-false imprisonment in violation of Florida Statute 787.02.2, a third degree felony; (2) damage to property-criminal mischief in violation of Florida Statute 806.13.1B3, a second degree felony; and (3) battery in violation of Florida Statute 784.03, a misdemeanor. (ECF No. 7-2 at 6-7.) These charges stem from an incident that occurred between petitioner and his alleged girlfriend. (ECF No. 7-4 at 1-2.) It appears that these charges are still pending. (ECF No. 7-3 at 1-2.) On June 8, 2026, custody of petitioner was transferred from Miami, Florida law enforcement officials to immigration officials. (ECF No. 7-1 at 2; ECF No. 7-2 at 6-7). The Form I-213 states that petitioner was issued a Notice to Appear and charged with violating Immigration and Nationality Act ("INA") section 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant without a valid entry document. (ECF No. 7-1 at 2.) Respondents did not provide a copy of the Notice to Appear.

## II. PROCEDURAL BACKGROUND

On September 15, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On September 17, 2026, the district court referred this action to the assigned magistrate judge. (ECF No. 4.) On September 25, 2026, respondents filed a reply to the petition. (ECF No. 7.) Petitioner did not file a response to the reply. (See Docket.) Briefing is complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). The petition raises three claims: (1) violation of the Accardi doctrine (claim one); (2) violation of Fifth Amendment Due Process Clause based on failure to receive custody review; and (3) third country removal is illegal and prolonged detention (claim three). (ECF No. 1 at 6.) Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court also construes the petition as raising a statutory claim under the INA. In the reply, citing Rodriguez Vasquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026), respondents state that 8 U.S.C. § 1226(a) governs petitioner's detention and petitioner is entitled to seek a custody redetermination hearing before an immigration judge. (ECF No. 7 at 1.) Based on respondents' argument in the reply to the petition, there is no prejudice to respondents in the Court's construction.

### A. Statutory Claim

In Rodriguez Vazquez, the Ninth Circuit concluded that that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. The majority of courts nationwide agree with this interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present

without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

This Court finds that petitioner is detained under to 8 U.S.C. § 1226(a). See Rodriguez Vasquez, 183 F.4th at 1165. "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. § 236.1(d)(1)). As such, petitioner should have received a bond hearing. Accordingly, this Court recommends that the petition be granted as to the statutory claim.

## V. PETITIONER'S REMAINING CLAIMS

Respondents do not address petitioner's remaining claims. In claim three, petitioner argues that he is subject to prolonged detention. (ECF No. 1 at 6.) Because petitioner has been detained since June 6, 2026, and this Court recommends that petitioner receive a bond hearing, the duration of petitioner's detention does not establish a due process violation. See Rodriguez Diaz v. Garland, 53 F.4th 189, 1208-09, 1213-14 (9th Cir. 2022) (holding that § 1226(a)'s procedures satisfied due process where the petitioner received a bond hearing approximately two months into detention and remained detained for approximately fourteen additional months).

In claim three, petitioner also argues that third country removal is illegal. (ECF No. 1 at

6.) To establish Article III standing, a party must allege an injury that is "concrete and particularized," "actual or imminent," and likely to be "redressed by a favorable" judicial decision. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992). The record before the Court does not indicate that third country removal is at issue. (See ECF Nos. 1, 7, 7-1, 7-2, 7-3, 7-4, 7-5, 7-6.). Because nothing before the Court shows any basis for petitioner's third country removal claim, this Court finds that petitioner lacks standing to raise his third country removal claim at this time and this claim should be denied.

Because the Court recommends granting the petition on the statutory claim, the Court need not address claim one (Accardi doctrine) and claim two (due process) raised in the petition. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief he seeks on the court's ruling as to the statutory claim.

## VI. REMEDY

As relief in his habeas petition, petitioner requests release from custody or an order directing respondents to show cause why petitioner should not be released. (ECF No. 1 at 7.) Considering § 1226(a)'s discretionary detention framework, this Court finds that an order directing respondents to provide a bond hearing, rather than immediate release, is the appropriate remedy. See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings); Rodriguez Vazquez v. Bostock, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. Apr. 24, 2025) (explaining "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a)[.]"). Courts have chosen a bond hearing as the more appropriate remedy where the noncitizen has a criminal history involving serious crimes. See Lopes Santana v. Marin, No. 1:26-cv-0915 DJC JDP, 2026 WL 746995, at *5 (E.D. Cal. Mar.

17, 2026), findings and recommendations adopted, 2026 WL 853376 (E.D. Cal. Mar. 27, 2026) (recommending a bond hearing where petitioner, detained pursuant to § 1226(a), had pending charges for assault after threatening his ex-wife with a knife); Perez-Paredes v. Warden, No. 1:26-cv-3356-DC JDP, 2026 WL 1470605, at *1, 4 (E.D. Cal. May 26, 2026), findings and recommendations adopted, 2026 WL 1715025 (E.D. Cal. Jun. 12, 2026) (bond hearing was appropriate remedy for petitioner, detained pursuant to § 1226(a), with criminal convictions for two DUIs and for preventing a victim from testifying, who had also been arrested for crimes including unlawful possession of tear gas, paraphernalia, and appropriation of lost property, possession of a controlled substance, possession of marijuana for sale, willful cruelty to a child, battery against a spouse/ex-spouse, and rape by means of force or fear); Colmenares-Pinto v. Warden, No. 1:26-cv-0812-DAD SCR, 2026 WL 923804, at *1, 4-5 (E.D. Cal. Apr. 6, 2026), findings and recommendation adopted, 2026 WL 1430913 (E.D. Cal. May 21, 2026) (bond hearing was appropriate remedy for person, detained pursuant to § 1226(a), who overstayed visa by over four years then was detained for four months without a bond hearing after pleading guilty to twelve counts of felony smuggling of persons). This Court finds that a bond hearing is the appropriate remedy.

The Court further concludes that the appropriate burden of proof at this initial bond hearing is on the government to demonstrate that petitioner is a risk of flight or danger to the community. See Garcia Sosa v. Warden of the California City Detention Center, 2026 WL 1430350, at *1 (E.D. Cal. May 21, 2026) ("But when a noncitizen has previously been released following a determination that he is not a flight risk or danger to the community, and then is subsequently re-detained, due process requires a pre-deprivation bond hearing at which the government bears the burden of proving that the noncitizen is a flight risk or danger to the community...").

## VII. CONCLUSION

This Court recommends that the petition be granted as to petitioner's statutory claim and that petitioner be afforded a bond hearing.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma

pauperis (ECF No. 8) is granted.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED as to the statutory claim.

2. Respondents be ordered to provide petitioner Angel Brayan Hernandez Hernandez (A-246-581-018) with a constitutionally adequate bond hearing before an immigration judge/neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations where respondents bear the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to justify continued detention. Respondents must provide petitioner and if petitioner has counsel, also petitioner's counsel, with at least **seven (7) days'** notice before the bond hearing. If petitioner has counsel, petitioner shall be allowed to have counsel present at any such hearing.

3. Given petitioner's pro se status, respondents be directed to file, within seven days of the adoption of these findings and recommendations, a status report addressing petitioner's status.

4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 16, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Hern7468.157.imm.BOND/2