UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANGEL BRAYAN H.H.,[1]

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX,

Respondent.

No. 1:26-cv-7468-TLN-CSK

A# 246-581-018

**ORDER**

Petitioner, an immigration detainee proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 16, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 10.) Neither party filed objections to the findings and recommendations.

The Court presumes that any findings of fact are correct. *See Orand v. United States*, 602

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The Court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 10) are ADOPTED in full.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to the statutory claim.

3. Respondent is ENJOINED from continuing to detain Petitioner Angel Brayan H.H. (A# 246-581-018), while subject to 8 U.S.C. § 1226(a), for more than **fourteen (14) days** from the date of this Order (unless Petitioner seeks additional time to prepare) without a bond hearing before a neutral factfinder at which the government bears the burden to establish by clear and convincing evidence that Petitioner's ongoing detention is justified due to danger to the public or flight risk. Respondent must provide Petitioner and, if Petitioner has counsel, also Petitioner's counsel, with at least **seven (7) days'** notice before the bond hearing. The factfinder must consider Petitioner's financial circumstances for bond and alternative conditions of release. At any such hearing, Petitioner shall be allowed to have counsel present. If the government fails to meet its burden, Respondent must immediately release Petitioner.

4. Within **two (2) court days** from the date of the bond hearing, Respondent must file a **notice of compliance** with this Order, confirming that the hearing occurred, the date of the hearing, the outcome of the hearing, and Petitioner's custody status.

5. If Petitioner is released, Respondent is further ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent changed circumstances and compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. At any such

hearing, Petitioner shall be allowed to have counsel present.

6. The parties are advised that any further challenges related to the relief granted in this Order should be filed in this case, using the aforementioned case number (Case No. 1:26-cv-7468-TLN-CSK).

5. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

**DATE: November 2, 2026**

Troy L. Nunley
Chief United States District Judge